Dear Chief Carpenter:
This office is in receipt of your request for an opinion of the Attorney General as to whether the City of Scott shall indemnify you as a locally elected official for attorney fees incurred in defending against criminal charges arising out of the performance of the official functions of the office of chief of police, either under state statute or under a local ordinance.
LRS-R.S. 42:1442(A) provides, in pertinent part:
 When a law enforcement officer, employed by the state or an agency thereof or by a political subdivision, as that term is defined in Article VI, Section 44 of the Constitution of Louisiana, has been subjected to an institution of prosecution for an alleged criminal act committed when the law enforcement officer is acting in good faith in performance or in furtherance of the course and scope of his employment as defined by law and the policies and procedures of the law enforcement agency employing him, and he is acquitted of the charge, the prosecution has been dismissed by the district attorney, or the periods of time have expired in which he could be brought to trial and convicted, the officer shall be reimbursed for reasonable attorney's fees incurred by him on account of the institution of prosecution. No reimbursement shall take place under the provisions of this Section until the suit is dismissed or finally adjudicated by a court of competent jurisdiction and the period for taking an appeal has expired. Reimbursement shall be from the governing authority by whom the officer was employed at the time of the alleged crime.
LSA-R.S. 42:1442(A) is inapplicable to you as you are an elected public official, not an employee of the municipality.
However, the Attorney General has consistently ruled that where a public official has been the subject of prosecution for criminal charges arising out of the performance of the official functions of the office, and the prosecution results in acquittal, dismissal, or are quashed, the public officer's attorneys' fees incurred in the defense against the charges may be paid or reimbursed from public funds provided the fees and attendant expenses are reasonable. See attached Opinions 96-95, 94-384, 93-376, and 91-474.
In the alternative, you ask whether the City of Scott could reimburse you for attorney's fees incurred from defending against a criminal prosecution arising out of the performance of your official duties under local ordinance 1991-3. City of Scott Ordinance 1991-3 provides:
 The City of Scott will defend, hold harmless and indemnify an elected official of the City of Scott, any employee of the City of Scott, and any member of all City Boards and Commissions, of and from any and all actions brought against said persons as a result of their employment with or service to the City of Scott, for any and all amounts which are not covered by the liability insurance policies carried by and/or insuring the City of Scott and its officials, employees and others; however, no such defense, or indemnity shall be due to said persons for actions brought as a result of their willful misconduct, gross negligence, or acts committed outside of the course and scope of their employment with or service to the City of Scott.
Pursuant to this ordinance, the City of Scott has agreed to indemnify both elected officials and employees of the city from "any and all actions" brought against said persons as a result of their employment with or service to the city. However, the local ordinance precludes indemnity when an elected official or employee is found to have acted as a result of "willful misconduct, gross negligence, or acts committed outside of the course and scope of their employment with or service to the City of Scott."
In our opinion, the ordinance would preclude the city from having to indemnify you if you were found to have acted with willful misconduct, gross negligence, or outside of the course and scope of your service to the city. These exceptions, as applied to criminal charges, would prevent you from being indemnified if you were to be found guilty of the criminal allegations. If you are in fact exonerated, the City of Scott must reimburse you as required by the above ordinance.
Should you have any further questions concerning this matter, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams